UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

Shannon Sherman and :
Simple Man, Inc., :
 :
    Plaintiffs, :
 :
       v. : File No. 1:08-CV-207
 :
Ben & Jerry's Franchising, Inc., :
and Ben & Jerry's Homemade, Inc., :
 :
    Defendants. :

RULING ON PLAINTIFFS' MOTION FOR RECONSIDERATION
(Paper 98)

I. Background

On August 10, 2009, this Court issued a 27-page Opinion and Order (Paper 97) dismissing portions of Plaintiffs' Amended Complaint while allowing many of their claims to proceed, including fraudulent inducement, fraud, negligent respresentation, estoppel, breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment and quantum meruit.

Presently before the Court is Plaintiffs' Motion for Reconsideration and Request for Oral Argument by new counsel and a 25-page supporting memorandum. (Papers 98, 99.) Defendants oppose the Motion for Reconsideration. (Paper 104.)

Federal Rule of Civil Procedure 60(b) permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence,

fraud, or for any other reason that justifies relief. Fed. R. Civ. P. 60(b). The Second Circuit has instructed that Rule 60(b) "allows extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986); accord United States v. Bank of N.Y., 14 F.3d 756, 759 (2d Cir. 1994).

Plaintiffs' motion essentially argues that this Court's Opinion and Order was in error because the integration clause of the Franchise Agreement and the disclaimers in the Uniform Franchise Offering Circular ("UFOC") should not negate Plaintiffs' alleged reliance on the earnings information of other Ben & Jerry's franchise scoop shops found in Item 19 of the UFOC. See Opinion & Order at 5-9. In support, Plaintiffs rely primarily on recent developments in Rules issued by the Federal Trade Commission enacted after Plaintiffs entered into the Franchise Agreement and two recent district court cases from other jurisdictions.

Upon a thorough review of Plaintiffs' Motion, the Court is not persuaded that its prior decision should be modified. Plaintiffs' attempt to distinguish Vermont and Second Circuit cases relied upon concerning the disclaimers does not meet the stringent standard that a party must establish "controlling decisions or data that the court has overlooked – matters, in other words, that might reasonably be expected to alter the

2

conclusion reached by the court." <u>Latouche v. N. Country Union High Sch. Dist.</u>, 131 F. Supp. 2d 568, 569 (D. Vt. 2001) (quoting <u>Shrader v. CSX Transp., Inc.</u>, 70 F. 3d 255, 257 (2d Cir. 1995).

Plaintiff's Motion for Reconsideration is GRANTED. Upon reconsideration, the Court's prior ruling is AFFIRMED. Plaintiffs' Motion for Oral Argument is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 26th day of October, 2009.

<u>/s/ J. Garvan Murtha</u>
J. Garvan Murtha
Senior United States District Judge