```
                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF VERMONT


Shannon Sherman and              :
Simple Man, Inc.,                :
                                 :
        Plaintiffs,              :
                                 :
             v.                  :    File No. 1:08-CV-207
                                 :
Ben & Jerry's Franchising, Inc., :
and Ben & Jerry's Homemade, Inc.,:
                                 :
        Defendants.              :
```

### RULING ON PLAINTIFFS' MOTION FOR LEAVE
### TO FILE SECOND AMENDED COMPLAINT
### (Paper 96)

I.  Background

This lawsuit has followed a long and winding path since February 1, 2008 when Plaintiffs filed their complaint in the Western District of Virginia. On September 30, 2008, the case was transferred to the District of Vermont, and on October 20, 2008, Defendants filed a second Motion to Dismiss, responded to by Plaintiffs on December 15, 2008, together with a Motion to Amend Complaint, which was allowed by the Court.

On January 2, 2009, Defendants filed their Motion to Dismiss Plaintiffs' Amended Complaint, which was ruled on by the Court on August 10, 2009. ("Opinion & Order," Paper 97.) On June 16, 2009, Plaintiffs obtained new counsel who, on August 6, 2009, filed this Motion for Leave to File Second Amended Complaint. It is opposed by the Defendants. On August 20, 2009, Plaintiffs filed a motion requesting the Court to reconsider its August 20,

2009 ruling. By separate Order filed today, Plaintiffs' motion for reconsideration is granted and the Court's prior ruling is affirmed.

II. Discussion

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Thereafter, the party may amend its pleading only by consent of the adverse party or by leave of the Court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

"[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (per curiam) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). See also Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003); Mountain Cable v. Vt. Pub. Serv. Bd., 242 F. Supp. 2d 400, 403 (D. Vt. 2003).

This is Plaintiffs' second attempt to amend their complaint, the first one was filed after Defendants filed their second Motion to Dismiss. Granted, Plaintiffs' present counsel did not have the benefit of the Court's ruling on Defendants' second Motion to Dismiss when they filed the present request to amend

their pleadings, but upon review of its content, the Court agrees with Defendants that to allow yet another amended complaint would be futile and unduly delay the ultimate resolution of this dispute.

In this Court's August 10, 2009 Opinion & Order, it found Defendants' Franchise Agreement and Uniform Franchise Offering Circular ("UFOC") contained provisions in which Plaintiffs disclaimed reliance on any representations concerning earnings outside the Agreements, acknowledged their duty to conduct an independent investigation of the operation of a Ben & Jerry's "scoop shop" and could not show they justifiably relied on Defendants' representations of the earnings of other scoop shops found in Item 19 of the UFOC.  Therefore, the Court concluded their various claims for fraudulent inducement (Count I), fraudulent nondisclosure (Count II), fraud (Count III) and negligent representation (Count IV) were dismissed, except for claims concerning the so-called "White Napkin, White Tablecloth" statements.

None of the additional allegations contained in the proposed Second Amended Complaint (see Pls.' proposed Second Am. Compl., ¶¶ 13-62) alter the Court's conclusions that the disclaimers in the Franchise Agreement and UFOC, together with the Plaintiffs' obligation to conduct an independent analysis of the potential

performance of the proposed Scoop Shop require dismissal of those fraud and negligent misrepresentation claims.

Likewise, the additional allegations concerning the representations on Ben & Jerry's extranet fail to plead fraud with sufficient particularity under Rule 9(b) of the Federal Rules of Civil Procedure. Opinion & Order at 11-12.

Plaintiffs' breach of contract claims for the sale of bulk ice cream in restaurants in the vicinity of their scoop shop ("White Napkin, White Tablecloth" policy) were dismissed, although the breach of covenant claim was preserved. Id. at 16-17. The proposed Second Amended Complaint attempts to restate and clarify these allegations, but again, does not overcome the Court's observation that in the Franchise Agreement Ben & Jerry's preserved its right to sell pre-packaged products in area restaurants. Id. at 16.

The Court dismissed Plaintiffs' claims under the Vermont Consumer Fraud Protection Act because of insufficient nexus to Vermont. Id. at 23-24. Plaintiffs' claims in their proposed Second Amended Complaint add nothing to cause the Court to reconsider its conclusion.

Finally, Plaintiffs again attempt to claim a breach of the covenant of good faith and fair dealing on essentially the same grounds as stated in their Amended Complaint. Unless Plaintiffs

4

can assert different or separate conduct from their breach of contract claims, they cannot survive a motion to dismiss.

Comparing the proposed Second Amended Complaint to the Opinion & Order compels the Court to conclude it would be futile to grant leave to allow yet another 56-page complaint. Furthermore, this litigation has been pending for more than 18 months and the parties recently were ordered to commence discovery. Not only would it be a burden for the Defendants to submit a third motion to dismiss, but also the Court would be required to spend valuable resources in what it considers restated and futile claims.

III. Conclusion

Plaintiffs' Motion for Leave to File Second Amended Complaint is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 26th day of October, 2009.

/s/ J. Garvan Murtha
J. Garvan Murtha
Senior United States District Judge